IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MICHAEL L. NOLAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-3255 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

CHARLES H. EVANS, U.S. Magistrate Judge:

This matter is before the Court on Defendant's Amended Motion to Remand for Further Proceedings under Sentence Four of 42 U. S. C. §405 (g) (d/e 22). The Plaintiff Michael L. Nolan filed this action to appeal the denial of his application for disability benefits under Sections 216(I) and 223(d) of the Social Security Act. 42 U.S.C. §§ 416(I), 423. The parties consented, pursuant to 28 U.S.C. § 636(c), to have this matter proceed before this Court. Consent to Proceed

1

Before a United States Magistrate Judge, and Order of Reference (d/e 16). This appeal is brought pursuant to 42 U.S.C. § 405(g). The Defendant now moves to remand under sentence four of § 405(g). For the reasons set forth below, the Motion is ALLOWED.

The Defendant Commissioner asks for the remand to require the Administrative Law Judge (ALJ) to consider whether Nolan meets the Listing 12.05C for disability due to mental retardation. The Commissioner effectively concedes that the ALJ erred in his treatment of this issue.

Nolan asks the Court to reverse and enter judgment that he is disabled. This Court must remand unless the evidence compels an award of benefits. Briscoe ex rel. Taylor v. Barnhart, 425 F.3d 345, 355 (7th Cir. 2005). In this case, medical opinions and the educational record of Nolan create factual issues that must be reviewed and evaluated to determine whether he meets the Listing. See Brief in Support of Complaint (d/e 15), at 9-10. This type of evaluation should be performed in the first instance by the Commissioner. The Court, therefore, will reverse the decision and remand the matter for further proceedings.

Nolan also argues that the vocational expert's testimony and Nolan's subjective complaints supported a finding of disability. <u>Brief in Support of Complaint</u>, 10-13. An evaluation of the vocational expert's testimony and Nolan's subjective complaints, again, should be performed by the Commissioner in the first instance. He, therefore, may raise all these issues, and any other issues, on remand.

Nolan also complains that the ALJ in this matter is biased. Nolan makes this argument without presenting any evidence. If Nolan wants to prove bias, he will need to present competent evidence. Without a record, the Court will not consider the charge of bias.

Nolan also cites an opinion from the Northern District of Illinois, <u>Briscoe ex rel. Taylor v. Barnhart</u>, for the proposition that a remand solely for the award of benefits is inappropriate when all factual issues are resolved and further administrative proceedings would serve no useful purpose. <u>Briscoe</u>, 309 F.Supp.2d 1025, 1042 (N.D. Ill. 2004). This general proposition may be true, but the record in a Social Security appeal is rarely so clear that no factual issues remain for the Commissioner to consider in the first instance. The Court notes that the Court of Appeals vacated the District Court decision in <u>Briscoe</u> specifically because the

District Court awarded benefits rather than remanding for further proceedings. Briscoe, 425 F.3d at 357. Even in the case on which Nolan relies, a remand was appropriate.

THEREFORE, Defendant's Amended Motion for Remand for Further Proceedings under Sentence Four of 42 U.S.C. § 405(g) (d/e 22) is ALLOWED. The decision of the Commissioner is remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Administrative Law Judge will conduct a new hearing and Plaintiff Nolan will be afforded the opportunity to testify and present additional evidence and argument on all issues. In particular, the Administrative Law Judge will consider whether Nolan's mental impairments meets the criteria of Listing 12.05C; and in considering that issue, the Administrative Law Judge will: (1) address (a) the opinion of the State reviewing psychologist, Dr. Tin, (b) the opinion of the consultative examiner, Dr. Froman, and (c) Plaintiff Nolan's education level and school record, including the reference in his school records that he was educable mentally retarded; and (2) if warranted, obtain vocational expert evidence. All pending motions are DENIED as MOOT. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER: January 19, 2010.

    FOR THE COURT:

                                      s/Charles H. Evans
                                      CHARLES H. EVANS
                              United States Magistrate Judge